**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| HUB ADVANCED NETWORKS, LLC,<br><br>Plaintiff<br><br>v.<br><br>OCEAN DRIVE LOGISTICS, LLC,<br><br>Defendant | CIVIL NO. _________<br><br>CIVIL ACTION UNDER 15 U.S.C. § 1071(b)<br><br>FEDERAL QUESTION JURISDICTION |

**COMPLAINT**

**TO THE HONORABLE COURT:**

Plaintiff HUB Advanced Networks, LLC ("HUB"), by the undersigned counsel, respectfully alleges and prays as follows:

**I. NATURE OF THE ACTION**

1. On September 18, 2023, Defendant OCEAN DRIVE LOGISTICS 787HUB ("Ocean Drive") filed its Application Serial No. 98185116 for trademark "OCEAN DRIVE LOGISTICS 787HUB" for the Class 39 services stated in the application, including warehousing, storage, distribution, pickup, packing, and shipping of online retail goods. (the "Ocean Drive Application").

2. On October3, 2024 HUB filed Opposition No. 91294344 to the Ocean Drive Application (the "HUB Opposition").

3. On August 20, 2026, the USPTO's Trademark Trial and Appeal Board ("TTAB") dismissed HUB's Opposition because HUB failed to submit sufficient evidence

to establish the ground for its opposition and issued judgment dismissing the HUB Opposition with prejudice (the "TTAB Decision").

4. The TTAB did not determine, however, that Ocean Drive was the first user of the relevant designation. Rather, the HUB Opposition was dismissed because the evidence necessary for HUB to establish priority of use and likelihood of confusion was not properly introduced into the record.

5. HUB brings this civil action pursuant to Section 21(b) of the Lanham Act, 15 U.S.C. § 1071(b), seeking judicial review of the August 20, 2026, TTAB Decision and a ruling that registration subject of the Ocean Drive Application should be refused under 15 U.S.C. § 1052(d) and any other appropriate relief under the Lanham Act.

## II. THE PARTIES, JURISDICTION AND VENUE

6. HUB is a Delaware limited liability company with its principal place of business in Puerto Rico.

7. Upon information and belief, Ocean Drive is a Puerto Rico limited liability company with its principal place of business in Puerto Rico and is the applicant in the Ocean Drive Application. Its resident agent is Rafael A. Gonzalez Valiente, whose address for service of process is 1806 McLeary, Suite 1B, San Juan, Puerto Rico 00911.

8. This Court has subject-matter jurisdiction under 15 U.S.C. §§ 1071(b) and 1121(a), and 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this district and substantial events concerning the marks occurred here.

Personal jurisdiction exists because Defendant is organized in Puerto Rico and conducts business here.

10. The USPTO Director is not a defendant in this inter partes action under 15 U.S.C. § 1071(b)(2).

**III. ADMINISTRATIVE PROCEEDINGS, TIMELINESS AND DE NOVO REVIEW**

11. Ocean Drive filed the Ocean Drive Application on September 18, 2023, seeking registration of trademark "OCEAN DRIVE LOGISTICS 787HUB" for the Class 39 services stated in the application, including warehousing, storage, distribution, pickup, packing, and shipping of online retail goods. See **Exhibit 1 hereto**.

12. The Ocean Drive Application was filed pursuant to Section 1(a) of the Lanham Act, 15 U.S.C. § 1051(a), based on alleged actual use of the mark in commerce. In its application, Ocean Drive claimed July 21, 2023, as both the date of first use anywhere and the date of first use in commerce in connection with the services identified therein. Accordingly, Ocean Drive represented to the USPTO that it had commenced use of the applied-for mark in commerce as of July 21, 2023. Plaintiff does not concede that Ocean Drive established qualifying use of the mark as of that date.

13. HUB filed its Opposition No. 91294344 on October 3, 2024, asserting priority and likelihood of confusion under Section 2(d).

14. On August 20, 2026, the TTAB dismissed the opposition with prejudice because HUB did not submit the evidence necessary to establish priority of use and likelihood of confusion. See **Exhibit 2.**

15. This action is commenced within the period prescribed by 37 C.F.R. § 2.145(d)(3) because the deadline to file it is today, October, 22, 2026.

16. During the proceedings underlying HUB's Opposition, Plaintiff filed a Notice of Opposition accompanied by six documentary exhibits in opposition to Defendant's trademark application.[1] In the TTAB Decision, the board determined that, although these exhibits had been attached to the Notice of Opposition and relied upon in Plaintiff's trial brief, they had not been properly introduced into evidence during the applicable testimony period, as required by Trademark Rule 2.122(c), 37 C.F.R. § 2.122(c).

17. The TTAB further determined that the evidentiary record consisted solely of Plaintiff's previously cancelled trademark registration, Registration No. 5279172, and Defendant's application file. Because the cancelled registration did not establish Plaintiff's prior use of the HUB787 designation, the TTAB concluded that the record lacked sufficient evidence to establish a prima facie case for Plaintiff's opposition and dismissed the proceeding with prejudice. See TTAB Decision at pp. 6–10, attached hereto as Exhibit 2.

18. Pursuant to Section 21(b) of the Lanham Act, 15 U.S.C. § 1071(b) (1) and (3), this Court has authority to independently adjudicate the controversy previously decided

[1] The six exhibits attached to Plaintiff's Notice of Opposition consisted of: (1) USPTO electronic database records reflecting the cancelled status of Registration No. 5279172 and identifying PREPA Networks, LLC as the record owner; (2) Plaintiff's certificate of amendment of corporate name; (3) USPTO electronic database records reflecting the status and ownership of Plaintiff's Application Serial No. 98454362; (4) USPTO electronic database records concerning Defendant's Application Serial No. 98185116; (5) Defendant's certificate of formation; and (6) a table containing data related to call logs. See TTAB Decision dated August 20, 2026, at p. 7attached as Exhibit 2.

by the TTAB, including the power to receive and consider evidence not presented during the TTAB proceedings and to make its own findings of fact and conclusions of law.

19. Unlike an appeal to the Federal Circuit under 15 U.S.C. § 1071(a) (a separate pathway to review TTAB's rulings) a civil action under § 1071(b) is not confined to the administrative record. When new evidence is introduced concerning disputed factual issues, the district court must undertake ***de novo*** fact-finding, considering both the additional evidence and the record developed before the TTAB, without deferring to TTAB's factual findings that may be contradicted by the new evidence. *Swatch AG v. Beehive Wholesale, LLC*, 739 F.3d 150 (4th Cir. 2014); see also *Kappos v. Hyatt*, 566 U.S. 431 (2012).

20. Accordingly, this Court is authorized to independently determine the registrability issues presented by this action and grant appropriate relief under the Lanham Act.

**IV. FACTS — PRIOR USE AND ADDITIONAL EVIDENCE**

21. HUB is engaged in data center and telecommunications-related operations in Puerto Rico. HUB, previously named "PREPA Networks", has used the mark "HUB787" in Puerto Rico in connection with its data center and telecommunications business since 2016, long before Ocean Drive's September 18, 2023 filing date and July 21, 2023 claimed first-use date. Ocean Drive's purported registration is for a mark containing the combined words of HUB's mark, but in reverse order, to wit, "787HUB".

22. The following evidence was not in the record of the TTAB and establishes HUB's prior use of the "HUB787" brand in Puerto Rico since 2016:

**22.1** In February 2016, HUB, then operating under its previous corporate name “PREPA Networks”, first prominently displayed the “HUB787” designation with its data-center and telecommunications services and identified “HUB787” with PREPA Networks’ promotional materials presented during the Capacity Caribbean 2016 telecommunications industry conference. See Declaration of Tanishka Colón Cruz, Esq., Lead Legal Counselor of HUB Advanced Networks, LLC, attached hereto as **Exhibit 3, Attachment A (the “Colón Cruz Declaration”)**. These materials establish Plaintiff's use and promotion of the HUB787 designation years before Defendant's September 18, 2023 trademark application and July 21, 2023 claimed first-use date.

**22.2.** On December 4, 2020, *El Nuevo Día*, a newspaper of general circulation in Puerto Rico, published an article reporting the change of Plaintiff's corporate name from PREPA Networks to “HUB Advanced Networks, LLC”. The article included a photograph depicting signage bearing the “HUB787” designation at Plaintiff's facilities in Isla Verde, Puerto Rico. This publication corroborates Plaintiff's public identification with, and use of, the “HUB787” designation prior to Defendant's September 18, 2023 trademark application and July 21, 2023 claimed first-use date. See **Attachment B to Colón Cruz Declaration.** Ms Colón Cruz has personal knowledge of the publication as depicted in the newspaper. The article is

dated December 4, 2020, is self-authenticating, and this Court may also take judicial notice thereof.

**22.3.** On August 10, 2022, *News is My Business*, a Puerto Rico business news publication, published an article reporting that Plaintiff's HUB787 data center had obtained Tier III certification. See Attachement C to Colón Cruz Declaration (Exhibit 3). The article expressly identified "HUB787" as Plaintiff's data-center facility, included a photograph depicting HUB787 signage, and reported statements by Plaintiff's Chief Executive Officer, José D. Casillas-Aponte, concerning the facility and its operations.

This publication is additional documentary evidence of the public identification of "HUB787" with Plaintiff's telecommunications and data-center operations, more than a year prior to Defendant's September 18, 2023 trademark application and prior to Defendant's July 21, 2023 claimed date of first-use.

**22.4** On October 3, 2022, Plaintiff, through its official X (formerly Twitter) account, @HubAdvancedNet, publicly promoted its private cloud and data-center services, expressly identifying HUB787 in connection with the infrastructure supporting those services. See **Attachment E** to Colón Cruz Declaration **(Exhibit 3).** The publication predates Defendant's September 18, 2023 trademark application and July 21, 2023 claimed date of first-use and further evidences HUB's prior commercial promotion and use of the "HUB787" designation.

**22.5** Plaintiff's HUB787 designation is also displayed on the website of PR5G Zone, which identifies HUB787 among its participating organizations or partners. The webpage displays the "HUB787" logo, further evidencing the public association of the mark with Plaintiff's telecommunications and technology-related operations. See **Attachment F to** Colón Cruz Declaration **(Exhibit 3).**

**22.6** Plaintiff's historical development and use of the "HUB787" designation are further corroborated by materials published on the website of ERC Group, a branding and marketing agency that identifies PREPA Networks and HUB787 among its branding projects. The webpage describes ERC Group's involvement in developing the HUB787 name, logo, signage, website, and related promotional materials. See **Exhibit 3**, Colón Cruz Declaration, **Attachment G.**

## V. FACTS — LIKELIHOOD OF CONFUSION

23. Defendant's use and proposed registration of OCEAN DRIVE LOGISTICS 787HUB are likely to cause confusion, mistake, or deception concerning the source, sponsorship, affiliation, or connection of the parties' respective services, within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

24. Plaintiff has used the HUB787 designation in connection with its telecommunications, data-center, and related technology services since prior to Defendant's September 18, 2023 trademark application and Defendant's July 21, 2023 claimed date of first-use. Through its advertising, promotional activities, business

operations, and public identification of its facilities and services, Plaintiff has established an association between the HUB787 designation and its business.

25. Defendant seeks registration of the designation OCEAN DRIVE LOGISTICS 787HUB in connection with the services identified in the Ocean Drive Application, including warehousing, storage, distribution, pickup, packing, and shipping services. The designation 787HUB incorporates the same two elements appearing in Plaintiff's HUB787 designation, namely “HUB” and “787,” in reversed order.

26. HUB787 and 787HUB are intrinsically confusing marks, because the designations contain identical verbal and numerical components and convey a practically identical commercial impression. Although Defendant's applied-for mark also includes other words, the inclusion of “787HUB” within Defendant's composite mark creates a likelihood that consumers may mistakenly perceive an association between Plaintiff's “HUB787” mark and the “787HUB” designation that Ocean Drive wants to register.

27. The similarity of the designations, considered together with the circumstances of their use and the documented inquiries described below, creates a likelihood of confusion concerning the source, sponsorship, affiliation, or connection of the parties' respective businesses.

28. Since at least October 12, 2023, Plaintiff has received inquiries from individuals seeking information or assistance concerning package deliveries, including Amazon-related deliveries, notwithstanding that Plaintiff does not provide such services. These inquiries were documented in Plaintiff's incident-management system and are in

the incident/ticket log maintained by Plaintiff in the ordinary course of business. See **Attachment D to Colón Cruz Declaration (Exhibit 3)**.

29. These inquiries constitute evidence of actual marketplace confusion or mistaken association involving the HUB787 and 787HUB designations.

30. The incidents described above are particularly relevant because they involve members of the public contacting Plaintiff about services outside Plaintiff's ordinary business operations. Plaintiff alleges that these circumstances support an inference that at least some consumers mistakenly associated Plaintiff's business with the package-delivery operations identified by the 787HUB designation.

## VI. FIRST CAUSE OF ACTION — CIVIL ACTION UNDER 15 U.S.C. § 1071(b); LIKELIHOOD OF CONFUSION UNDER 15 U.S.C. § 1052(d)

31. Plaintiff repeats, reiterates, and realleges each allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

32. Plaintiff is dissatisfied with the TTAB Decision. Pursuant to 15 U.S.C. § 1071(b), Plaintiff brings this civil action seeking judicial relief from the same.

33. Plaintiff has prior rights to the "HUB787" trademark through its use in commerce in connection with telecommunications, data-center, and related services before Defendant's September 18, 2023 application filing date and Defendant's July 21, 2023 claimed date of first-use.

34. The similarities between "HUB787" and "787HUB", including their identical verbal and numerical elements presented in reversed order, cause a likelihood

of confusion when the marks are is considered in their entirety and in light of the relevant marketplace circumstances.

35. Defendant's applied-for mark so resembles Plaintiff's previously used HUB787 designation as to be likely to cause confusion, mistake, or deception concerning the source, sponsorship, affiliation, or connection of the parties' respective businesses, within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

36. Although the parties provide different categories of services, the similarity of their designations and the circumstances of their use support a likelihood of confusion or mistaken association. Plaintiff has received inquiries concerning package-delivery services that it does not provide, as reflected in its incident-management records.

37. The TTAB dismissed Plaintiff's opposition after determining that HUB failed to submit sufficient evidence to establish the ground for its opposition. The additional evidence submitted with this complaint, however, supports its prior use of the HUB787 designation and establishes priority of use and likelihood of confusion sufficient to overturn the TTAB Decision under 15 U.S.C. § 1071(b) and 15 U.S.C. § 1052(d).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor as follows:

A. Rule and declare, pursuant to 15 U.S.C. § 1071(b), that Defendant's mark “OCEAN DRIVE LOGISTICS 787HUB” subject of the Ocean Drive Application, is not entitled to registration under 15 U.S.C. § 1052(d);

B. Set aside TTAB Decision;

C. Authorize the Director of the United States Patent and Trademark Office to take such action as may be necessary to give effect to the Court's orders and judgment, including refusal of the registration of the marks subject of the Ocean Drive Application; and;

D. Grant costs and attorney’s fees and such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 22nd day of October 2026.

**MORELL CARTAGENA & DAPENA LLC**
P.O. Box 13399
San Juan, PR 00908
Tel. (787) 723-1233
Fax. (787) 723-8763

*f/ Iván J. Lladó*
USDC-PR Bar No. 302002
ivan.llado@mbcdlaw.com